IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv479

| | |
|---|---|
| THOMAS D. TICHENOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM AND |
| Vs. ) | RECOMMENDATION |
| ) | |
| BANK OF AMERICA ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon defendant's Motion to Dismiss Plaintiff's Amended Complaint.[1] Having carefully considered defendant's Motion to Dismiss Plaintiff's Amended Complaint and reviewed the pleadings, including plaintiff's Response and defendant's Reply, the court enters the following findings, conclusions, and Recommendation.

**FINDINGS AND CONCLUSIONS**

**I. Background and Summary of the Arguments**

In this action, plaintiff (a former employee of defendant) contends that he was wrongfully discharged from his employment in retaliation for reporting his belief that

---

[1] Defendant earlier filed a Motion to Dismiss (#2) the original Complaint, which became moot upon plaintiff filing his Amended Complaint.

1

his supervisor had misappropriated bank funds for personal travel. Asserting jurisdiction both under federal question and diversity, plaintiff has asserted two causes of action based on such employment action: (1) wrongful discharge in violation of the public policy of North Carolina; and (2) wrongful discharge in violation of 12, United States Code, Section 831j, which is part of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (hereinafter "FIRREA"), as amended by the Federal Deposit Insurance Corporation Improvement Act of 1991 (hereinafter the "FDIC Act").

Defendant has moved to dismiss the Amended Complaint in its entirety, arguing that plaintiff has failed to state a cognizable claim under either state or federal law. Fed.R.Civ.P. 12(b)(6). In response, plaintiff argues that there may be circumstances under which he could prove he is entitled to relief and that dismissal is not appropriate. Response, at p.2. In reply, defendant argues that plaintiff has failed to satisfy his burden of pleading each and every essential elements of his claims. Reply, at p.1.

## II.  Applicable Standard: Rule 12(b)(6)

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding,

467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiff's complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

The Court recently held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Under Twombley, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id. While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion

**3**

to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendant's motion, the court has accepted as true the facts alleged by plaintiff in the Amended Complaint and will view them in a light most favorable to plaintiff.

## III. Discussion

### A. Wrongful Discharge in Violation of State Public Policy

Analysis of this claim must begin with an understanding of employment in North Carolina. In Kurtzman v. Applied Analytical Industries, Inc., 347 N.C. 329 (1997), the Court held, as follows:

North Carolina is an employment-at-will state. This Court has

**4**

> repeatedly held that in the absence of a contractual agreement between an employer and an employee establishing a definite term of employment, the relationship is presumed to be terminable at the will of either party without regard to the quality of performance of either party.

Id., at 331. North Carolina courts vigorously defend the employment at-will doctrine. Id.

A narrow exception to the "well-entrenched employment at-will doctrine" arises when an employer's actions are "injurious to the public or against the public good." Amos v. Oakdale Knitting Co., 331 N.C. 348, 351-52 (1992). Wrongful discharge claims have been recognized in North Carolina only "where the employee was discharged (1) for refusing to violate the law at the employer's request . . . (2) for engaging in a legally protected activity, or (3) based on some activity by the employer contrary to law or public policy . . . ." Id., at 352.

In this case, it appears that the parties are in agreement that plaintiff is attempting to bring his claim under the third scenario, contending that he was discharged "based on some activity by the employer contrary to law or public policy." Id. Plaintiff alleges that he was discharged in contravention of North Carolina's public policy because he made an internal report of alleged illegal conduct by his supervisor. Amended Complaint, at ¶¶40 &46. Specifically, plaintiff alleges that

> [t]he public policy of the State of North Carolina prohibits employers from terminating an employee, or otherwise subjecting employee [sic]

to adverse employment actions, because of the employee's report of
unlawful activity by a co-worker or supervisor.

Id. Clearly, the allegation of violation of state law would amount to a claim that he reported larceny or embezzlement to another employee of defendant. There is no allegation in the Amended Complaint that plaintiff reported such alleged criminal activity to any law enforcement agency.

In <u>Considine v. Compass Group USA, Inc.</u>, 145 N.C.App. 314, *aff'd per curiam*, 354 N.C. 568 (2001), the plaintiff discovered alleged unlawful conduct by the defendant that affected federal, state and local government service contracts. In a federally mandated rebate compliance program, the plaintiff reported the conduct to his supervisor and the general counsel for the defendant and was terminated less than two weeks later. <u>Id.</u> In his complaint, the plaintiff alleged that it was

> a violation of public policy for an employer to discharge an employee after the employee has 'learned of the [employer's] unlawful conduct, reports [the employer's conduct] to his supervisors and [seeks] to end the unlawful practices.'

<u>Id.</u>, at 321. In finding such allegation to be insufficient to state a cause of action for termination in violation of the public policy of North Carolina, the North Carolina Court of Appeals held as follows:

> Any exception to the at will employment doctrine "should be adopted only with substantial justification grounded in compelling considerations of public policy." Plaintiff failed to allege in his

**6**

complaint a compelling consideration of public policy as expressed in our state's statutes or constitution that was violated by defendant, or to allege any specific conduct by defendant that violated this same expression of our state's public policy. "In order to support a claim for wrongful discharge of an at-will employee, the termination itself must be motivated by an unlawful reason or purpose that is against public policy." In light of the case law that cites specific conduct by a defendant that violated a specific expression of North Carolina public policy, we hold that plaintiff's complaint does not state a claim for wrongful discharge. The trial court did not err in dismissing plaintiff's complaint pursuant to Rule 12(b)(6).

Id., at 321-322 (citations omitted). While it may be counterintuitive, North Carolina law does not extend blanket job protection to employees who report to their employer alleged criminal misconduct of other employees or supervisors.

In this case, plaintiff fails to allege that defendant violated any express public policy declaration in a North Carolina statute or the North Carolina Constitution; instead, plaintiff only alleges that the state's criminal statutes regarding larceny and embezzlement are statements of public policy. Amended Complaint, at ¶¶43-44. Such criminal statutes, however, do not contain a statement of public policy that employers should be prohibited from terminating employees that make in house reports of larceny or embezzlement of their supervisors or co-workers.[2] Plaintiff fails

---

[2] The allegations of the Amended Complaint, A.C., at ¶ 31, even when taken as true, do not amount to embezzlement or larceny in that having social objectives in addition to business on a business trip is not a crime. However, that issue is not now before the court and is not a basis of this recommendation.

to identify a specific compelling public policy that the conduct he reported violated. Clearly, this cause of action in North Carolina is targeted at protecting employees who engage in conduct that furthers the greater public good, which the North Carolina courts have clearly delimited to compelling public policies. To do as plaintiff argues would open up a wrongful termination claim to conduct that could be linked to any statutorily proscribed or regulated activity. Such would be an court imposed abrogation of North Carolina's employment-at-will doctrine, which would go well beyond the judicial role of interpreting law. The undersigned must, therefore, respectfully recommend that the Motion to Dismiss plaintiff's claim for wrongful termination in violation of public policy be granted and that such claim be dismissed with prejudice.

    **B.**    **Wrongful Discharge in Violation of FIRREA**

Plaintiff's second cause of action if for wrongful discharge in violation of FIRREA. Plaintiff alleges that defendant discharged him in retaliation for "whistleblowing" in violation of FIRREA, which protects employees who disclose wrongdoing to "<u>any Federal banking agency or to the Attorney General</u>." 12 U.S.C. §1831j(a)(1)(emphasis added). Plaintiff has failed to alleged in his Amended Complaint that he disclosed any wrongdoing to any federal banking agency or the Attorney General of the United States. <u>See</u> <u>Lippert v. Cmty. Bank, Inc.</u>, 438 F.3d

1275, 1279 (11th Cir. 2006). In house reports of supervisory wrongdoing are not sufficient to invoke retaliatory termination under Section1831j(a)(1). Id. A report must be made to the agency or Attorney General. Indeed, appellate courts that have addressed the issue appear to be in accord:

> We agree with the district court's reasoning:
>
> * * *
>
>> The language of sections 1831j and 5328(a) is clear and unambiguous. If the plaintiff did not report the relevant information, himself or through a conduit, to a federal banking agency, the Attorney General, the Secretary of the Treasury, or any federal supervisory agency, before being discharged or otherwise discriminated against ... then the plaintiff is not protected by these whistle-blower protection laws.
>
> Indeed, the Eleventh Circuit has considered the same statutory language of § 1831j(a) now at issue and came to the same conclusion as the district court: an employee's "internal reports are not protected disclosures under § 1831j(a)(1) ." We uphold the district court's decision to rely on a plain reading of unambiguous statutory language-as did the Eleventh Circuit in Lippert-rather than to analogize to other courts' broad interpretations of completely different statutory language.

Hill v. Mr. Money Finance Co. & First Citizens Banc Corp., 2009 WL 279086, *10 -11 (6th Cir. February 6, 2009)(citations omitted).³ Even in the Amended Complaint, plaintiff in this case does not allege that he or anyone else reported his supervisor's

---

³ Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

alleged wrongdoing either to a federal banking agency or to the Attorney General as required by the statute. Instead, plaintiff only alleges a belief that his allegations would be internally investigated and reported to the "appropriate" but undefined "authorities." Amended Complaint, ¶¶30-32. Such an allegation does not satisfy the plaintiff's burden inasmuch as even if he could prove he believed his allegation would be reported to federal authorities, the statute only protects matter that are actually disclosed to appropriate federal authorities. See Lippert, supra, at 1279. Plaintiff fails to state a cognizable claim under FIRREA and the undersigned must recommend that this claim be dismissed under Rule 12(b)(6).

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's Motion to Dismiss Plaintiff's Amended Complaint (#8) be **ALLOWED** and that this action be **DISMISSED** in its entirety for failure to state a claim.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the

district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: March 5, 2009

Dennis L. Howell
United States Magistrate Judge