IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL DOCKET NO. 3:08CV479

| | |
|---|---|
| THOMAS D. TICHENOR,<br>      Plaintiff, | )<br>)<br>) |
| vs. | )   **ORDER**<br>) |
| BANK OF AMERICA<br>CORPORATION,<br>      Defendant. | )<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 8), Plaintiff's Response (Doc. Nos. 10 & 11), and Defendant's Reply (Doc. No. 13). The Magistrate Judge issued a Memorandum and Recommendation ("M&R"), recommending that Defendant's motion be granted. Plaintiff objected to the M&R (Doc. No. 15) and Defendant filed a Response (Doc. No. 16), which are now before the Court. For the reasons stated below, the Court **GRANTS** Defendant's motion.

**I.    BACKGROUND**

Plaintiff Thomas D. Tichenor filed an Amended Complaint alleging that his former employer, Defendant Bank of America Corporation, wrongfully discharged him in violation of: (1) the public policy of North Carolina; and (2) 12 U.S.C. § 1831j. Plaintiff alleges that this discharge was in retaliation for an internal report made by Plaintiff concerning his supervisor's misappropriation of bank funds for personal travel. As there were no objections to the facts as found by the Magistrate Judge, this Court adopts the facts as stated in the M&R.

## II.    STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis,718 F.2d 198, 200 (4th Cir.1983); Keeler v. Pea, 782 F. Supp. 42, 43 (D.S.C. 1992). *De novo* review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Bell Atlantic, 550 U.S. at 570). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

III. **DISCUSSION**

A. **Whether the Magistrate Judge Properly Applied the Rule 12(b)(6) Standard of Review**

Plaintiff initially objects to the Magistrate Judge's recommendation to dismiss Plaintiff's claims under the assertion that the Defendant has not carried its burden under Rule 12(b)(6). The Plaintiff further asserts that this Court "would have to determine that there is 'no set of circumstances' under which Plaintiff would be entitled to relief," to properly dismiss under Rule 12(b)(6). Even though the Court reads all of the facts alleged in the Complaint to be true, the Court "need not accept the legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." E. Shores Mkts.,Inc. v. J.D. Assocs. Ltd., 213 F.3d 175, 180 (4th Cir. 2000). Further, the Magistrate Judge was correct in stating that the "no set of facts" standard only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlantic, 550 U.S. at 546. Therefore, this Court finds no error in the Magistrate Judge's application of the standard.

B. **Whether Plaintiff's Claim for Wrongful Discharge Under North Carolina Public Policy Exception Should be Dismissed**

The Plaintiff objects to the Magistrate Judge's dismissal of the wrongful discharge claim based on state law. North Carolina has long been an employment-at-will state. In espousing this point, the North Carolina Supreme Court held that:

> North Carolina is an employment-at-will state. This Court has repeatedly held that in the absence of a contractual agreement between an employer and an employee establishing a definite term of employment, the relationship is presumed to be terminable at the will of either party without regard to the quality of performance of either party.

Kurtzman v. Applied Analytical Indus, Inc., 347 N.C. 329, 331 (1997). There is an established exception to the "well-entrenched employ at-will doctrine" where an employer's actions are "injurious to the public or against the public good." Amos v. Oakdale Knitting Co., 416 S.E.2d 166, 168-69 (N.C. 1992). These claims have been recognized "where the employee was discharged (1) for refusing to violate the law at the employer's request, . . . (2) for engaging in a legally protected activity, or (3) based on some activity by the employer contrary to law or public policy." Whitings v. Wolfson Casing Corp., 618 S.E.2d 750, 753 (N.C. Ct. App. 2005) (quoting Ridenhour v. Int'l Business Machines, Corp., 512 S.E.2d 774, 778 (N.C. Ct. App. 1999)).

Plaintiff objects to the Magistrate Judge's finding that Plaintiff was bringing this claim under the "public policy" exception to the employment-at-will doctrine; instead, Plaintiff contends that the claim was brought under the "legally protected activity" exception. However, Plaintiff did not allege that he engaged in a "legally protected activity" by filing an internal report about his supervisor's alleged misappropriations. Rather, Plaintiff's Amended Complaint succinctly states that "Therefore, Plaintiff sues Defendant for wrongful discharge in violation of public policy." (Doc. No. 7, Am. Compl. ¶ 54). [1]

As to the public policy exception, Plaintiff fails to allege an express public policy

---

[1] Even if Plaintiff had successfully alleged a claim under the "legally protected activity" exception, Plaintiff's failure to report his allegations of misappropriations to any federal banking agency or to the Attorney General precludes a finding that Plaintiff was engaged in a "legally protected activity." See infra III.C.

declaration in a statute or in the North Carolina Constitution that Defendant violated. Even when viewed in a light most favorable to the Plaintiff, the claim for wrongful discharge fails to sufficiently allege an essential element of the claim.

**C.     Whether Plaintiff's Claim for Wrongful Discharge in Violation of FIRREA Should be Dismissed**

Plaintiff objects that to the Magistrate Judge's conclusion that Defendant has carried its burden under Rule 12(b)(6) with respect to Plaintiff's claim under 12 U.S.C. § 1831j. (Doc. No. 15 at 7). In order to sustain a claim under 12 U.S.C. § 1831j, the Plaintiff must have disclosed a wrongdoing to "any federal banking agency or to the Attorney General." 12 U.S.C. § 1831j(a)(1). This Court finds no error in the Magistrate Judge's application of Lippert v. Cmty. Bank, Inc., 438 F.3d 1275 (11th Cir. 2006), and therefore finds that the Defendant has carried its burden under Rule 12(b)(6).

**D.     Whether the Magistrate Judge's Dismissal of the Claim is Premature**

Plaintiff's objection that the dismissal of the Amended Complaint is premature is not well-founded. A Rule 12(b)(6) motion should be granted when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 129 S.Ct 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Here, Plaintiff fails to allege each element of the two causes of action in his Amended Complaint. Plaintiff's argument that discovery is necessary to further develop the facts of the Complaint does not address the basic pleading requirements set forth above. The first cause of action does not survive Rule 12(b)(6) as the plaintiff does not identify any express public policy declaration in a North Carolina statute or the North Carolina Constitution. The second cause of action does not survive Rule 12(b)(6) as

the plaintiff fails to allege that he disclosed any wrongdoing to any federal banking agency or the Attorney General of the United States. See Lippert, 438 F.3d at 1279. Therefore, the Court finds that the dismissal of Plaintiff's Amended Complaint is not premature.

## IV. CONCLUSION

Accordingly, after a careful review of the record in this case, the Court finds that the Magistrate Judge's finding of fact are supported by the record and his conclusion of law are consistent with and supported by current case law. Thus, the Court hereby accepts the M&R of the Magistrate Judge and adopts it as the final decision of this Court for all purposes relating to this case.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss (Doc. No. 8) is **GRANTED**.

Signed: July 17, 2009

Robert J. Conrad, Jr.
Chief United States District Judge